UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT J. HAYWARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | No. 16-30046-MGM |
| COMMONWEALTH OF | * | |
| MASSACHUSETTS, CITY OF WEST | * | |
| SPRINGFIELD, RONALD P. | * | |
| CAMPURCIANI, MARK SYPEK, AND | * | |
| DANIELLE (?),[1] | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER REGARDING REPORT AND RECOMMENDATION
WITH RESPECT TO DEFENDANTS' MOTIONS TO DISMISS
AND PLAINTIFF'S SEVEN MOTIONS

(Dkt. Nos. 7, 13, 20–25, 29, 35)

February 28, 2017

MASTROIANNI, U.S.D.J.

Robert J. Hayward ("Plaintiff"), acting *pro se*, brings the present action against the Commonwealth of Massachusetts; the City of West Springfield, Massachusetts; Ronald P. Campurciani, Chief of Police for the City of West Springfield; Mark Sypek, Acting Chief of Police

---

[1] At the time Plaintiff filed his complaint, he was apparently unsure as to the name of this defendant, (*see* Compl. at 5–6 (stating defendant in question refused to identify herself or give her name to Plaintiff)), who is now believed to be Danielle Eickelberg. (*See* Municipal Defs. Mem. of Law in Supp. of Their Mot. to Dismiss the Compl. at 1.)

for the City of West Springfield; and an individual Plaintiff believes to be Danielle Eickelberg, a firearms officer for the City of West Springfield. (The court will refer to all defendants, collectively, as "Defendants," and defendants Campurciani, Sypek, and Eickelberg as, collectively, "the municipal defendants.") Specifically, Plaintiff alleges Massachusetts, West Springfield, and the municipal defendants violated his federal constitutional and statutory rights in denying him a Class A license to carry ("LTC") a firearm.

Desiring to become a gunsmith, Plaintiff applied for the requisite Class A LTC on November 23, 2015 at the West Springfield Police Department. (Compl. at 5.) On January 11, 2016, Plaintiff received a letter informing him that his application had been denied. (*Id.*) Specifically, Plaintiff had been deemed "unsuitable" after incorrectly answering "no" to question four, (*id.*), which requires an applicant indicate whether he has "ever been arrested or appeared in court as a defendant for any criminal offense."[2] (*Id.*, Ex. 1 at 2.) Plaintiff tried multiple times to contact members of the West Springfield Police Department in an attempt to have the denial reversed, and was unsuccessful. (*See* Compl. at 5–6.) Ultimately, Plaintiff filed the present action. His complaint sets forth the following sixteen counts: conspiracy by Defendants to violate Plaintiff's Second Amendment right to bear arms and Fourteenth Amendment rights to due process and equal protection in violation of 42 U.S.C. §§ 1983, 1985 (Counts 1–5); conspiracy by Defendants to commit an act of extortion in violation of 42 U.S.C. §§ 1983, 1985 (Counts 6–10); treason by the municipal defendants in violation of Article VI, clauses 2 and 3 of the United States Constitution (Counts 11–13); and breach of trust by municipal defendants as public officials (Counts 14–16.)[3] (*See id.* at 10–18 (enumerating claims). Defendants have moved to dismiss all counts pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See generally* Dkt. Nos. 7, 13.)

---

[2] According to Plaintiff, the question was answered incorrectly due to dyslexia. (Compl. at 5.)
[3] The legal basis for Plaintiff's public-trust claims appears to be *Jersey City v. Hague*, 115 A.2d 8 (1955). (*See* Compl. at 16–18.)

Plaintiff has also filed the following seven motions:[4] Motion to Suspend the British Crown Copyright (Dkt. No. 20), Motion to Acknowledge the Constitution of the United States of America is the Supreme Law of the Land (Dkt. No. 21), Motion to Acknowledge the Bar Association is an Unlawful Corporate Monopoly (Dkt. No. 22), Motion to Enter a Guilty Verdict Against All Defendants (Dkt. No. 23), Motion to Acknowledge the Municipal Defendants are Individuals of Unsound Mind and Incompetent (Dkt. No. 24), Motion to Acknowledge All State, County, and Municipal Magistrate and Officers of Government Have Voluntarily Waived Their Right to Remain Silent and/or Refuse to Answer Questions (Dkt. No. 25), and Motion to Issue a Restraining Order Against the Commonwealth to Force Plaintiff to Serve Jury Duty (Dkt. No. 26). The Commonwealth requests this court deny Plaintiff's motions as "frivolous, vexatious, and harassing." (Dkt. No. 26, Def. Commonwealth of Mass. Opp. to Hayward's Mots. at 7.)

The case was assigned to Magistrate Judge Katherine A. Robertson for a report and recommendation. (*See* Dkt. Nos. 16, 34.) Judge Robertson released her Report and Recommendation, (Dkt. No. 35 ("R&R")), on November 14, 2016, recommending this court dismiss all claims and deny all motions. (*See generally* R&R.) Plaintiff timely filed objections to the R&R, (Dkt. No. 38), to which the municipal defendants and City of West Springfield responded. (Dkt No. 39.)[5]

Based on the extensive and considered analysis set forth in Judge Robertson's R&R, this court will adopt her recommendation, allow Defendants' motions to dismiss all counts, (Dkt. Nos. 7, 13), and deny all Plaintiff's motions, (Dkt. Nos. 20, 21, 22, 23, 24, 25, 29). To the extent Plaintiff has objected to the R&R, his objections are either unrelated to specific findings in the R&R, or merely inflammatory.

---

[4] Many of Plaintiff's motions have exceedingly long titles; the court simplifies these titles in the interest of brevity.
[5] Plaintiff also filed a reply to these defendants' Response to Plaintiff's Objections. (*See* Dkt. No. 40.)

For the foregoing reasons, the court hereby ADOPTS the R&R in its entirety. Accordingly, Defendants' motion to dismiss for failure to state a claim is hereby GRANTED as to all counts and Plaintiff's various motions DENIED.

It is So Ordered.

      /s/ Mark G. Mastroianni_____
MARK G. MASTROIANNI
United States District Judge